# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br>vs.<br>TERRY SMITH,<br><br>　　　　　　　Defendant. | Case No.: 2:24-cr-00077-GMN-MDC<br><br>**ORDER GRANTING MOTION TO CONTINUE SENTENCING** |

Pending before the Court is Defendant Terry Smith's Motion to Continue Sentencing, (ECF No. 52). The Government filed an Opposition, (ECF No. 54).

Defendant previously filed a Motion to Disqualify the United States Attorney, (ECF No. 46). Judge David G. Campbell denied the Motion without prejudice in light of the stay of his prior order. (*See* Order Denying Mot. Disqualify, ECF No. 50). In that Order, Judge Campbell indicated that Defendant could refile his motion after the Ninth Circuit rules on the pending appeal of his order disqualifying Acting U.S. Attorney Sigal Chattah. (*Id.* 2:8–9). Defendant now seeks a continuance of his sentencing to ensure that he is able to refile his Motion to Disqualify after the Ninth Circuit rules. (Mot. Continue 1:23–2:3).

Defendant has demonstrated he could suffer harm if his Motion to Continue Sentencing is denied because he could potentially lose the ability to refile his Motion to Disqualify.[1] The request does not appear to be a delay tactic as Defendant is now and will remain in custody. (Presentence Report ("PSR"), ECF No. 39). While the Government Response notes the parties agreed in the GPA to jointly recommend the same "low end" sentence, the GPA expressly states that the guideline range will be determined by the court. Meanwhile, the PSR explains

---

[1] Defendant's Guilty Plea Agreement ("GPA") includes both a Waiver of Constitutional Rights and Appellate Rights. (GPA 9:3–10:11, ECF No. 31).

that the parties' calculations in the GPA differ from the PSR in that the PSR includes two more firearms and recommends a sentence of almost two more years. Defendant has lodged an objection to that recommendation, but the government[2] has not. (PSR at 30-31). For all these reasons, and without taking a position on the merits of Defendant's argument regarding the legality of Sigal Chattah's appointment, the Court grants Defendant's Motion to Continue Sentencing to ensure that his ability to refile his Motion to Disqualify remains available.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Continue Sentencing, (ECF No. 52), is **GRANTED.**

**IT IS FURTHER ORDERED** that the Sentencing Hearing currently set for December 3, 2025, at 10:00 AM be vacated and continued to March 11, 2026, at 9:00 AM.

**IT IS FURTHER ORDERED** that the parties must file a Joint Status Report no later than February 27, 2026, informing the Court of the status of the appeal. If the Ninth Circuit has not ruled and Defendant continues to seek a continuance, Defendant must file another motion to continue sentencing by February 27, 2026.

**DATED** this   24   day of November, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[2] Notably, the GPA reflects the name of the former U.S. Attorney Jason Frierson, who was appointed by the previous administration.